**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SARAH A. ELLIS,

       Plaintiff,

                              Case No. 12-11230

v.                         Hon. Gerald E. Rosen

                              Magistrate Judge Michael J. Hluchaniuk

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         March 28, 2013        

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

     On February 11, 2013, Magistrate Judge Michael J. Hluchaniuk issued a Report

and Recommendation ("R & R") recommending that the Court grant in part Plaintiff

Sarah A. Ellis's motion for summary judgment, deny the Defendant Commissioner of

Social Security's motion for summary judgment, and remand this case to the Defendant

Commissioner for further proceedings.  Defendant filed an objection to the R & R on

February 25, 2013, and Plaintiff filed a response to this objection on March 11, 2013.

The Court has now reviewed the R & R, Defendant's objection, Plaintiff's response, the

parties' underlying motions, and the remainder of the record.  For the reasons stated

below, the Court overrules Defendant's objection and adopts the Magistrate Judge's R &
R as the opinion of this Court.

The Defendant Commissioner has lodged only a single objection to the R & R.
Specifically, Defendant contends that the Magistrate Judge mistakenly viewed the
Administrative Law Judge ("ALJ") as having found that Plaintiff suffered from certain
non-exertional limitations — namely, limits to only occasional climbing, balancing,
stooping, kneeling, crouching, and crawling.  Because these non-exertional limitations
were not reflected in the ALJ's determination of Plaintiff's residual functional capacity
("RFC"), and likewise were not incorporated into the ALJ's hypothetical questions to the
vocational expert, the Magistrate Judge concluded that the vocational expert's "testimony,
on which the ALJ relied, is tainted by the omission of key postural limitations [from] the
hypothetical question."  (R & R at 19 (internal quotation marks and citations omitted).)
In Defendant's view, however, the ALJ made no such findings of non-exertional
limitations,[1] and therefore was not required to include any such limitations in the
determination of Plaintiff's RFC or the hypothetical questioning of the vocational expert.

It is true, as Defendant observes, that an ALJ may give weight to a physician's
opinion — in this case, the opinion of Dr. Ahmed — without incorporating each of this
physician's findings into the determination of the claimant's RFC.  Nonetheless, as

---

[1]As Defendant correctly points out, in the portion of the R & R attributing these findings
to the ALJ, the Magistrate Judge cited the opinion of a state agency physician, Dr. Muhammad
Ahmed, and not any passage from the ALJ's decision.  (*See id.* at 18.)

2

Plaintiff explains in her response to Defendant's objection, the ALJ's decision in this case does not reflect his adoption of only some of the findings of Dr. Ahmed, while declining to give weight to this physician's opinion as to Plaintiff's postural limitations.  To the contrary, in the portion of his decision addressing Dr. Ahmed's report, the ALJ recounted a number of Dr. Ahmed's findings — including his opinions that Plaintiff (i) was "capable of performing light work," (ii) could "perform[] a full range of postural activities at least occasionally during a workday," and (iii) was "incapable of concentrated exposure to respiratory irritants" — and then stated that he "afforded weight to Dr. Ahmed's conclusions," without indicating in any way that he had accepted only some of these findings.  (Admin. Record at 88.)  More generally, the ALJ stated that he found Dr. Ahmed's opinion to be "particularly persuasive."  (*Id.*)

This record, then, provides no support for Defendant's assertion that the ALJ purposefully elected to incorporate "some, but not all, of Dr. Ahmed's limitations into his residual functional capacity assessment."  (Defendant's Objection at 4.)  Certainly, the ALJ's decision lacks any explanation of any determination to discount Dr. Ahmed's findings limiting Plaintiff to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling.  In light of these postural limitations set forth in Dr. Ahmed's opinion and evidently adopted by the ALJ, the Magistrate Judge correctly concluded that the ALJ was obligated to incorporate these limitations into his determination of Plaintiff's RFC and his hypothetical questioning of the vocational expert, and that his failure to do so "constitutes reversible error."  (R & R at 19.)

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's February 25, 2013 objection to the Magistrate Judge's February 11, 2013 Report and Recommendation is OVERRULED.  IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present order.  Finally, IT IS FURTHER ORDERED that, for the reasons set forth above and in the Magistrate Judge's Report and Recommendation, Plaintiff's August 10, 2012 motion for summary judgment (docket #8) is GRANTED IN PART, and Defendant's September 27, 2012 motion for summary judgment (docket #11) is DENIED. In light of these rulings, this matter will be remanded to the Defendant Commissioner for further proceedings.

s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  March 28, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 28, 2013, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135

4